```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

FRANK L. WILLIAMS,

               Plaintiff,

vs.                                       Case No. 12-3056-SAC

IMPACT DESIGN, LLC,

               Defendant.

## MEMORANDUM AND ORDER

     Plaintiff has filed this action on forms for a claim under 42 U.S.C. § 1983. His complaint alleges that plaintiff, an inmate at the Lansing Correctional Facility, began working for defendant on a non-permanent or probationary basis at a job which required loading and unloading. Plaintiff asserts that while on the job he felt a sharp pain in his back for which he sought medical attention after he finished for the day. He was provided a back brace to use while working. Plaintiff claims that while wearing the back brace on the job, he was approached by a supervisor for defendant who told him that defendant was downsizing and that plaintiff would not be hired on permanently. He asserts that although he was able to perform his duties, he was not retained and discriminated against because of his back injury. Plaintiff alleges that he followed the inmate grievance

procedure as outlined in the inmate rule book and that his administrative remedies have been exhausted.

This case is before the court upon defendant's motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction, pursuant to FED.R.CIV.P. 12(b)(6) and 12(b)(1).[1]

I. STANDARDS

"To survive a motion to dismiss [brought pursuant to FED.R.CIV.P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court's function is not to weigh potential evidence but to determine upon the basis of the complaint alone whether plaintiff's allegations are sufficient to state a claim for which relief may be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).  The court accepts plaintiff's well-pled factual allegations as true and views them in the light most favorable to the nonmoving party.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558 U.S. 1148 (2010).  The court, however, is not required to accept legal conclusions as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic

---

[1] Plaintiff's complaint named other defendants in addition to Impact Design. These defendants were dismissed by the court previously.  Doc. No. 6.

2

recitation of the elements of a cause of action' will not suffice." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

Under FED.R.CIV.P. 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim if convinced there is a lack of subject matter jurisdiction.  Here, defendant proceeds with a facial attack upon the sufficiency of plaintiff's jurisdictional allegations.  In reviewing a facial attack on the complaint, the court must accept all allegations in the complaint as true.  Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).

Plaintiff is proceeding pro se.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."

3

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993).  A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

II.  DEFENDANT'S ARGUMENTS AND PLAINTIFF'S RESPONSE

Defendant makes four arguments in support of his motion to dismiss.  Defendant contends, first, that it is not a "state actor" and therefore may not be sued under § 1983.  Second, defendant asserts that a claim of a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. may not be contained as part of a § 1983 action.  Third, defendant argues that, if plaintiff's complaint is construed as making a claim directly under the ADA, then the claim should be dismissed because plaintiff failed to exhaust his administrative remedies. Finally, defendant claims that plaintiff was not its "employee" for purposes of the ADA and, therefore, plaintiff's complaint fails to state a cause of action under that statute.

In response, plaintiff contends that defendant has the authority to write disciplinary reports on inmates for violation

4

of K.A.R. 44-12-401 regarding work performance. Plaintiff further argues that defendant supervised plaintiff and that defendant was responsible for deciding not to hire plaintiff when defendant saw that plaintiff hurt his back. Plaintiff claims that defendant was acting "in the place of the state agency." Doc. No. 11 at p. 1.

As discussed below, the court finds that defendant's first and third arguments have merit. The court shall not address the other arguments raised in the motion to dismiss.

III. PLAINTIFF HAS FAILED TO ALLEGE A PLAUSIBLE CLAIM OF STATE ACTION AS REQUIRED UNDER § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, where plaintiff's § 1983 claim is based on the conduct of a private individual or company, that conduct constitutes state action only if the conduct is "fairly attributable to the state." Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000).

The Tenth Circuit has applied four different analyses in determining whether to hold a private entity accountable as a state actor under § 1983: the nexus test; the public function test; the joint action test; and the symbiotic relationship

test.  Wittner v. Banner Health, 720 F.3d 770, 775 (10th Cir. 2013).  The "nexus test" asks whether the challenged activity results from the compulsion or coercion of the State.  Id.  The "public function test" asks whether the challenged action is a traditional and exclusive function of the State.  Id. at 776-777 (emphasis added).  The "joint action test" determines whether state officials and private parties have acted in concert to effect the alleged deprivation of federal rights.  Id. at 777.  Finally, the symbiotic relationship test asks whether the State has so far insinuated itself into a position of interdependence with a private party that the State must be recognized as a joint participant in the challenged activity.  Id. at 777-78.

Plaintiff has not alleged facts in his complaint which describe a plausible claim that defendant's actions were fairly attributable to the state under any of these tests.  The facts alleged in the complaint indicate that defendant made the decision not to retain plaintiff as an employee, not that this decision was compelled by the State or state laws and regulations.  Therefore, the court finds that a plausible claim for state action under the nexus test is not described in plaintiff's complaint.

A plausible claim for state action under the public function test also is not found in plaintiff's complaint.  The Tenth Circuit has said that this test is difficult to satisfy

6

because "'[w]hile many functions have been traditionally performed by governments, very few have been exclusively reserved to the State.'" Id. at 777 (quoting Gallagher v. "Neil Young Freedom Concert," 49 F.3d 1142, 1456 (10th Cir. 1995)(interior quotations omitted)).  The court does not believe the operation of an employment system within a prison or for prison inmates has been an exclusive function of the State.  The extensive history of private entities operating labor systems within or in connection with state and federal prisons is discussed in many sources including:  Patrice A. Fulcher, *Emancipate the FLSA: Transform the Harsh Economic Reality of Working Inmates,* 27 J. CIV.RTS. & ECON.DEV. 679, 685-97 (2015) and Noah D. Zatz, *Working at the Boundaries of Markets:  Prison Labor and the Economic Dimension of Employment Relationships,* 61 VAND.L.REV. 857, 869 (2008).  Therefore, the court finds that the complaint does not state a plausible claim for state action under the public function test.

Also, the court finds that a plausible claim of state action under the joint action test is not described in the complaint.  As stated before, this test asks whether state and private officials have acted in concert to deny federal rights.  Plaintiff does not allege facts showing that defendant and the State worked in concert to deny plaintiff employment because of his back injury.  The Tenth Circuit has noted that it is

7

insufficient if the State merely acquiesces in the actions of the private entity.  Wittner, 720 F.3d at 777.  Here, a role beyond acquiescence is not plausibly described in the complaint.

Finally, the complaint does not describe a symbiotic relationship between the State and defendant with regard to plaintiff's employment.  "[A] public-private relationship can transcend that of mere client and contractor if the private and public actors have sufficiently commingled their responsibilities."  Wittner, 720 F.3d at 778.  One may infer from the facts alleged in the complaint that defendant provides jobs for inmates and that the State provides inmates for those jobs.  And one may reasonably infer that there is a contract which governs the relationship between defendant and the State.[2]  Finally, we accept plaintiff's claim (although it is not alleged in the complaint) that defendant is empowered to write a disciplinary report on an inmate.  But, more is required to plausibly infer that the State is so entwined with defendant in the operation of the employment program that it was a joint participant in the action to terminate plaintiff's employment.  There is no claim that the State was consulted or exercised any influence over the decision to terminate plaintiff's employment.  There is no allegation that plaintiff was considered a state employee or that defendant's operations were heavily regulated

---

[2] A lease between defendant and the State is described in Watkins v. McKune, 251 P.3d 673 (Kan.App., unpublished, 5/20/2011).

8

by the State.  Finally, the ability to write disciplinary reports appears comparable to a private citizens or contractor's ability to report a violation of the law or state regulations. The court believes more is required to allege state action under the symbiotic relationship test.  See Woodall v. Partilla, 581 F.Supp. 1066, 1071 (N.D.Ill. 1984)(private "complainant" in prison disciplinary process did not act under color of state law).

In sum, plaintiff's allegations fail to state a claim for relief under § 1983 because they do not amount to a plausible accusation that defendant's actions in terminating plaintiff should be attributable to the State.  This finding appears consistent with the following cases involving state prison inmates losing their jobs. King v. Hilgert, 2015 WL 1119451 *4 (D.Neb. 3/11/2015); Sutton v. Impact Design LLC, 2013 WL 3147663 *2 (D.Kan. 6/19/2013); Mitchell v. Sands, 2007 WL 675728 *3 (D.S.C. 2/28/2007); see also, Battle v. Minnesota Dept. of Corrections, 40 Fed.Appx. 308 (8th Cir. 6/26/2002)(rejecting a disability-based claim under § 1983, but not expressing a "state action" rationale).

IV. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUPPORTING ADMINISTRATION EXHAUSTION WHICH IS A CONDITION PRECEDENT TO BRINGING AN ADA CLAIM.

Plaintiff does not expressly allege a claim under the ADA. But, assuming that plaintiff may be intending to raise such a

claim, dismissal of the claim is appropriate if plaintiff cannot demonstrate that he properly exhausted his administrative remedies.

There has been a recent shift in Tenth Circuit case law on this subject which is noteworthy. The Tenth Circuit has stated that for the court to have jurisdiction over a lawsuit claiming employment discrimination under Title VII of the Civil Rights Act of 1964, the exhaustion of administrative remedies is required and that this, in turn, requires that the plaintiff obtain a right-to-sue letter from the EEOC or other appropriate agency. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1310 & 1317 (10th Cir. 2005). This holding is important to an ADA claim because the Tenth Circuit has also held that the ADA incorporates Title VII's procedural requirements. Id. at 1309. The Tenth Circuit has also affirmed the dismissal of a Title VII action for lack of subject matter jurisdiction where the plaintiff failed to plead anything regarding the existence of a right-to-sue letter. Kinney v. Blue Dot Services of Kansas, 505 Fed.Appx. 812, 814 (10th Cir. 12/18/12); see also, Pretlow v. Garrison, 420 Fed.Appx. 798, 802-03 (10th Cir. 3/22/11)(a plaintiff must allege the facts essential to show jurisdiction in a Title VII action, including exhaustion when necessary).

More recently, however, the Tenth Circuit has indicated that at least some administrative exhaustion requirements should

not be considered jurisdictional requirements, although they may still be necessary conditions for bringing a claim.  In Gad v. Kansas State Univ., 787 F.3d 1032, 1034 (10th Cir. 2015), the Tenth Circuit held that the requirement that a Title VII plaintiff verify a formal administrative charge document for the EEOC "is non-jurisdictional and does not divest the federal courts of subject matter jurisdiction."  Furthermore, quite recently, the Tenth Circuit held that a district court could require a Title VII plaintiff to show that she had obtained a right-to-sue letter from the EEOC as a condition precedent to proceeding with a Title VII claim, but left undecided whether it was a jurisdictional requirement.  Martin v. Mt. St.Mary's Univ. Online, 2015 WL 4734707 *3 (10th Cir. 8/11/2015).

Here, plaintiff has failed to allege that he received a right-to-sue letter or performed the administrative exhaustion requirements set out in the Title VII statute and incorporated by the ADA.  Like the district court in Martin, the court shall require that plaintiff to credibly allege that he took steps to receive and did receive a right-to-sue letter before allowing this case to continue as an ADA claim.  But, the court is not stating that this is a jurisdictional requirement.

V.  CONCLUSION

For the above-stated reasons, the court shall grant defendant's motion to dismiss and dismiss this action entirely,

11

unless plaintiff files an amended complaint by September 22, 2015 which includes either the allegations necessary to find state action under § 1983 or allegations necessary to find that plaintiff applied for and received a right-to-sue letter as required for an ADA claim.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2015, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge